UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MARR,

    Plaintiff,

v

JAMES JONES, et al.,

    Defendants.

_____/

Case No. 1:07-cv-1201

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving alleged censorship of outgoing legal mail. Defendants filed a motion for summary judgment (Dkt 35). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that this Court grant Defendants' motion and decline to exercise supplemental jurisdiction over Plaintiff's purported state-law clams. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    In his Objections to the R & R, Plaintiff sets forth several errors that he believes the Magistrate Judge committed. First, Plaintiff argues that the Magistrate Judge erred in construing Plaintiff's complaint as alleging that he had been denied access to courts (Dkt 56 at 1). Plaintiff contends that he never made such allegations (*id.*). To the extent that Plaintiff is correct in this

assertion, his contentions are nonetheless irrelevant. The Magistrate Judge properly concluded that any denial-of-access claims were not supported by fact or law (Dkt 54 at 10).

Second, Plaintiff argues that the Magistrate Judge erred in concluding that his "constructive legal notices" sent to the Attorney General did not constitute legal mail (Dkt 56 at 2-3). He argues that because the mail was sent to an attorney it automatically constituted legal mail, and therefore, could not be read by prison staff (*id.*). This argument is without merit. The Magistrate Judge properly concluded that mail to an Attorney General does not automatically qualify as legal mail (Dkt 54 at 12 (citing *Boswell v. Mayer*, 169 F.3d 384, 388-89 (6th Cir. 1999)). To qualify as legal mail, the mailed documents would have to have been intended as confidential communications pertaining to pending litigation. *See Bell-Bey v. Williams*, 878 F.3d 832, 839 (6th Cir. 1996). Here, the Magistrate Judge correctly conclude that these constructive legal notices were neither intended to be confidential, nor did they pertain to pending litigation (Dkt 54 at 12).

Additionally, the Magistrate Judge properly concluded that even if these constructive legal notices constituted legal mail, they were still subject to review by Defendants in this case (Dkt 54 at 12). As the Sixth Circuit Court of Appeals determined in *Bell-Bey*, a prison official may require that a prisoner who runs out of his monthly allotment of stamps to either: (1) wait until the next month to mail his legal mail or (2) submit the mail for inspection for the purpose of proving that the mail is, in fact, related to pending litigation. 87 F.3d at 839. Therefore, as binding precedent has already confirmed the constitutionality of this inspection requirement, this Court is in no position to reexamine the issue.

Plaintiff argues that even if the Court determines that his constructive legal notices do not constitute legal mail, Defendants should still be held liable for violating department policy as to

what constitutes legal mail (Dkt 56 at 2). Plaintiff argues that, under department policy, Defendants were required to treat any mail to an attorney as legal mail (*id.*). Therefore, in determining whether the constructive legal notices were legal mail, Defendants should have examined only enough of the letters to determine that they were addressed to an attorney before sealing them and treating them as legal mail. Plaintiff concludes that by continuing to read beyond the address line, Defendants violated their own department policy, which in turn violated his constitutional rights (*id.*).

Even assuming, without concluding, that Defendants violated departmental policy by reading Plaintiff's mail, Plaintiff's argument is without merit. While the Sixth Circuit Court of Appeals has acknowledged that certain intentional mishandling of prisoner mail in an arbitrary and capricious manner can rise to the level of a constitutional violation, *see Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986), such is certainly not the case here. Defendants' reading of the constructive legal notices in order to determine if they qualified for expedited mail status, pursuant to department policy, does not rise to the level of "blatant disregard for established regulations" that would be required for Plaintiff to claim a constitutional violation. *See Lavado v. Keohane*, 992 F.2d 601, 611 (6th Cir. 1993) (denying summary judgment where prison official arbitrarily read properly marked legal mail outside of inmate's presence).

Next, Plaintiff disagrees with the Magistrate Judge's qualified immunity analysis. According to Plaintiff, Defendants are not entitled to qualified immunity because they were given adequate notice of the wrongfulness of their actions by the case of *Procunier v. Martinez*, 416 U.S. 396 (1974) (Dkt 56 at 2). This argument is also without merit. The *Procunier* case involved the failure of California prison officials to establish procedural or substantive protections before screening prisoner mail. 416 U.S. at 415-18 (1974). This case differs from *Procunier* because unlike the

3

prison system involved in that case, the MDOC has established a comprehensive set of procedural and substantive safeguards to protect prisoners' rights to generally uncensored mail. *See* Dkt 36, Ex. A, Attachment at 5-18.

Next, Plaintiff argues that the Magistrate Judge erred in not considering his assertion that Defendants censored his letter to his attorney, Thomas S. Hirsbrunner (Dkt 56 at 3). Plaintiff argues that the attorney-client privilege protects him from having to bring forward this document in order to prove that it was in fact censored (*id.*) This objection is without merit. The Magistrate Judge properly concluded that Plaintiff could not rely on his assertion that this document existed at the summary judgment stage because a court on summary judgment may not consider evidence that is not properly before it (Dkt 54 at 11). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Last, Plaintiff argues that the Magistrate Judge failed to realize that there is a genuine issue of material fact as to whether Defendants actually read Plaintiff's mail (Dkt 56 at 3). Plaintiff argues that because Defendants contend that they did not read the mail, and he contends that they did, a triable issue remains in the case (*id.*). This argument is without merit. In reviewing the motion for summary judgment, the Magistrate Judge properly viewed the evidence in a light most favorable to Plaintiff and determined that even if Plaintiff was correct in his factual assertion, Plaintiff would not prevail at trial because his First Amendment rights were not violated (Dkt 54 at 12). In other words, even if the fact is in dispute, the factual dispute is immaterial.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because plaintiff is proceeding *in forma pauperis*, this Court certifies, pursuant to 28

4

U.S.C. § 1915(a)(3), that an appeal of the Judgment would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 56) are DENIED, and the Report and Recommendation (Dkt 54) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (Dkt 35) is GRANTED for the reasons stated therein.

**IT IS FURTHER ORDERED** that this Court DECLINES to exercise Supplemental Jurisdiction over Plaintiff's purported state law claims.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of this Judgment would not be taken in good faith.


Dated: May 19, 2010                              /s/ Janet T. Neff
                                                 JANET T. NEFF
                                                 United States District Judge